**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARKEITH JENKINS,<br>Plaintiff,<br>v.<br>MacDONALD, et al.,<br>Defendants. | No. 2:21-CV-1555-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Macdonald, a correctional officer at California State Prison, Sacramento (CSP-Sac); (2) Vang, a correctional officer at CSP-Sac; and (3) Buckley, a correctional officer at CSP-Sac. ECF No. 1, pg. 2. To help further identify Defendants, Plaintiff provides that Macdonald has the third watch in building three (3); Buckley has the second watch in building five (5), floor number two (2), facility A, post 221052; and Vang has second watch in control building three (3). See id. at 5. Plaintiff alleges facts giving rise to one claim against each of the three Defendants for violating the Eighth Amendment's Cruel and Unusual Punishment Clause—though Plaintiff does not mention the Eighth Amendment. See id. at 3-5.

Specifically, Plaintiff alleges that Defendants abused Plaintiff "by bio molecular passage 'AI' capabilities, awaking me at night with simulation of violent nightmares, pornography, actual touching, enabled by activation by ceiling lights and electronic devices, Bluetooth capabilities, and diodes (placed in food) used to incite, influence and coerce IEX behavior (indecent exposure)." Id. at 3. Defendants performed "actual touching" of Plaintiff's groin. See id. at 5. Defendants' "abuse of computer science literacy" led to Plaintiff being placed in segregation on July 23, 2021, and subjected Plaintiff to "psychological terrorism." See id. at 3. Plaintiff "would like to be compensated for 'unwilling' ingestion" of drugs used by Defendants and for the ongoing abuse. See id. Plaintiff seems to accuse each of the Defendants for all the abuses listed above. See id. at 1-5. Plaintiff does not accuse any one particular Defendant of any one particular act. See id. at 1-5.

/ / /

## II. DISCUSSION

The Court finds Plaintiff's complaint suffers from one primary defect. Plaintiff's claim fails to sufficiently link the conduct of any particular named defendant to a specific constitutional or statutory violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff's claim consistently references Defendants as a group. Where Plaintiff does reference specific named defendants, he does not reference specific conduct of each named defendants that would define an Eighth Amendment violation. Plaintiff will be provided an opportunity to amend his claim to state which defendants took which specific action that caused the violation. As to each named defendant, Plaintiff must allege which Defendant took what action that caused which specific constitutional violation.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: October 5, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE